**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

| | |
|---|---|
| **DANIEL BROWDER, Individually and on behalf of all others similary situated,** | **CASE NO.** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| **E&S COMMUNICATIONS, LLC, a Florida Limited Liability Company, SAMANTHA R. QUIMBY, an invidual, and ELLIJAH D. SCHAEFFER, an individual,** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b)** |
| Defendants. / | |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Daniel Browder, individually and on behalf of all other similarly situated individuals (collectively, "Plaintiffs"), by and through undersigned counsel, sue Defendants E&S COMMUNICATIONS, LLC, a Florida Limited Liability Company, ("E&S"), SAMANTHA R. QUIMBY ("Quimby")  and ELLIJAH D. SCHAEFFER ("Schaeffer", along with Quimby and E&S, the "Defendants") on a collective basis pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**INTRODUCTION**

1.  The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per

1

workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2. Plaintiff, and those similarly situated, were cell tower install laborers for the Defendants who were paid on a purported day rate for work performed.  Due to Defendants' company-wide policies and procedures of not paying overtime compensation, Plaintiff, and those similarly situated were deprived of wages owed.

3. Plaintiff, Daniel Browder, now brings this action individually and on behalf of all other similarly situated current and former non-exempt cell tower laborers who were paid a day rate and who have been employed by Defendants ("Plaintiffs" or "Putative Class Members") throughout the United States, at any time from three years before the filing of this Complaint through the final disposition of this matter, and have timely filed consent forms to join this collective action.  These class members should be informed of the pendency of this action and apprised of their rights.

## THE PARTIES

4. Plaintiff Daniel Browder ("Browder") worked at E&S in the State of Florida during the relevant time period.  Plaintiff Browder's written consent to be a party plaintiff in this action is attached hereto as **Exhibit "A."**

5. Defendant E&S, Communications, LLC ("E&S") is a Florida Limited Liability Company, licensed to and doing business in the State of Florida. E&S may be served with process by serving its registered agent, **Ellijah D. Schaeffer, 13303 61st Street N, West Palm Beach, FL  33412.**  Defendant E&S is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members.

6. SAMANTHA R. QUIMBY is a citizen and resident of Florida, and can be served

with process at the company's principal place of business at: **13303 61ˢᵗ Street N, West Palm Beach, FL  33412.**  Defendant Quimby is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members

7. ELLIJAH D. SCHAEFFER is a citizen and resident of Florida, and was served with process at the company's principal place of business at: **13303 61ˢᵗ Street N, West Palm Beach, FL  33412**. Defendant Schaeffer is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

9. This Court has general and specific personal jurisdiction over Disposal Services because the cause of action arose within this District as a result of Defendants' conduct within this District and because Defendants are headquartered in Florida and organized under Florida law.

10. Venue is proper in this District because Plaintiff Browder performed his work for Defendant within this District.

11. Specifically, Defendants have maintained a working presence throughout Palm Beach County, Florida.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

13. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

14. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendants had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. At all material times, Plaintiff, and those similarly situated, was an employee who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

16. At all material times, Defendants had and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

17. During Plaintiff's employment, Defendants employed at least two employees who handled goods, materials and supplies used to run the business and provide services to the community which travelled in interstate commerce, including but not limited to:

   a. <u>Vehicles</u>—vehicles owned by the Defendants, which on information and belief, were manufactured outside of the state of Florida;

   b. <u>Vehicle Components</u>—tires, batteries, parts, hydraulic cylinders, fuel and oil etc. used to maintain and service the vehicles, which on information and belief, were manufactured outside the state of Florida;

   c. <u>Cell Tower Components</u>—monopoles, guy towers, tension wires, guy wires, bolt-on and anchor components, specialized antenna mount fabrications, waveguide bridge and ladder components, antenna verification and coax sweep testing tools and components, as well as all replacement and upgrade parts, tools, and other components, which on information and belief, were manufactured outside the state of Florida; and

   d. <u>Other Products Used in Business</u>—computers, servers, tablets, laptops, and software used in the administration and operation of the business, which on information and belief were manufactured outside the state of Florida.

18. Therefore, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s). *See Polycarpe v. E&S Landscaping Ser., Inc.*, 616 F.3d 1217, (11th Cir. 2010); *Burman v. Everkept, Inc.*, 2017 WL 1150664, *6-9 (W.D. Mich. 2017)(citing *Polycarpe* and finding local waste

4

disposal company was enterprise covered by the FLSA).

## WAGE VIOLATIONS

19. Defendants violated the FLSA by failing to pay Plaintiff, and those similarly situated, time and one-half for each hour worked in excess of 40 hours per workweek.

20. Further, Defendants have improperly calculated Plaintiff's and the Putative Class Members' regular rate resulting in further miscalculation of Plaintiff's overtime pay. Specifically, Plaintiff and those similarly situated should have received overtime compensation at a rate not less than one and one-half times their true regular rate.

21. Plaintiff, and those similarly situated, were paid under a purported day rate plan whereby they were supposed to be paid for each day worked regardless of the number of hours worked each day. *See* 29 C.F.R. § 778.112.

22. Defendants violated the day rate regulation by failing to pay additional overtime compensation for hours worked over forty in a workweek, instead solely paying the day rate.

23. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff, and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, or those similarly situated, for all hours worked or at the correct prevailing rate.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as cell tower laborers within three (3) years prior to the commencement of this lawsuit (the "FLSA Class").

25. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same job positions and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendants. They all suffered damages in the nature of lost overtime and other wages resulting from Defendants' wrongful conduct.

## STATEMENT OF FACTS

**A.   Defendants are Joint Employers of Plaintiff and all those similarly situated**

26. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id*.

27. Here, Defendants had the power to hire and fire Plaintiff, and those similarly situated.

28. Defendants controlled Plaintiff's work schedule.

29. Defendants scheduled Plaintiff and other cell tower laborers to certain shifts.

30. Defendants required Plaintiff and other cell tower laborers to work a certain number of days during the week.

31. Defendants required Plaintiff and other cell tower laborers to wear certain clothing.

32. Defendants determined the rate and the method of payment of all cell tower laborers including Plaintiff.

33. Cell tower laborers are an integral part of Defendants' business.

34. Defendants maintained some records regarding the time Plaintiff and all and other cell tower laborers arrived and left, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

35. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

36. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

37. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.; *Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 971-72 (5th Cir. 1984).

38. On information and belief Defendant Quimby is the owner/manager of Defendant E&S.

39. On information and belief Defendant Schaeffer is an authorized representative and member of Defendant E&S.

40. Defendants Quimby and Schaeffer are involved in the day-to-day business operation of E&S.

41. Defendants Quimby and Schaeffer have responsibility for the supervision of the cell tower labors employed by E&S.

42. Defendants Quimby and Schaeffer are responsible for the compensation or lack thereof paid to cell tower laborers at E&S.

43. Defendants Quimby and Schaeffer have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

44. Additionally, Defendants Quimby and Schaeffer are responsible for the day-to-day affairs of the business. In particular, they are responsible for determining whether E&S complied with the Fair Labor Standards Act.

45. Defendants Quimby and Schaeffer controlled the nature, pay structure, and employment relationship of the Plaintiffs and the Putative Class Members.

46. As such, Defendants Quimby and Schaeffer are the employer of the Plaintiffs and Putative Class Members within the meaning of 3(d) of the FLSA, and are jointly, severally, and liable for all damages.

47. On information and belief, Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant is legally attributable to each other.

48. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

49. Defendants also jointly employed Plaintiffs and all other similarly situated cell tower laborers.

50. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiffs and all others similarly situated bartenders and wait staff including: (i) timekeeping; (ii) payroll; (iii) disciplinary

actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such bartender's and wait staff's performance of their duties.

**B.    Plaintiff and the Putative Class Members are (or were) Cell Tower Laborers Throughout the United States**

51. Defendants' cell tower laborers, including Plaintiff and the Putative Class Members performed cell tower installation, repairs, modernization and updates for Defendant's customers throughout Florida and surrounding states.

52. Defendants' cell tower laborers are all non-exempt employees under the FLSA.

53. Plaintiff Browder was employed as a non-exempt cell tower laborer in Florida and Georgia from March 2018 until April 2019.

54. Plaintiff Browder was compensated on a job/day rate determined by the number of hours worked in a day.

55. Plaintiff Browder did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

56. The Putative Class Members are (or were) non-exempt cell tower laborers for Defendants throughout the United States for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

57. None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendants or Plaintiffs.

58. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in FLSA violations.

**B.     Defendants did not (and do not) pay Plaintiff and the Putative Class Members overtime in accordance with the FLSA.**

59.     Plaintiff and the Putative Class Members were (and are) required to work overtime hours when requested by Defendants, and were (and are) subject to potential disciplinary action for refusing to work overtime.

60.     Plaintiff and the Putative Class Members regularly worked over forty (40) hours in a workweek as a Waste Disposal Driver.

61.     Defendant compensated Plaintiff and the Putative Class Members on a purported job/day rate, without paying any overtime premium for hours worked over 40 in a given workweek.  29 C.F.R. § 778.112.

62.     Defendants' calculation of Plaintiff's and the Putative Class Members' regular rate of pay does not comply with the FLSA.

63.     Defendants failed to pay Plaintiff and the Putative Class Members one-half of the regular rate of each hour worked over 40 hours in a workweek.

64.     Plaintiff and Putative Class members were hired to work a regular workweek consisting of forty (40) hours per workweek, and it was Plaintiffs' understanding that their wages would compensate them for forty (40) hours. Further, the day rate was based upon an eight (8) hour day and approximated the hourly rate that prevailed in the market for the type of work performed by Plaintiff and the Putative Class Members.  Plaintiff Browder was told he was being paid approximately $28/hour, but in reality was paid $220 ($27.50 x 8 hours) for every day that he worked, regardless of the number of hours he worked.

65.     Plaintiff and the Putative Class Members regularly worked over forty (40) hours in a workweek as cell tower laborers.

66.     The FLSA requires non-exempt employees, like Plaintiff and the Putative Class

Members to be compensated for overtime work at the mandated overtime pay rate.

67. Plaintiff and the Putative Class Members were entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

68. The payment scheme used by the Defendant to pay Plaintiff and the Putative Class Members did not comply with the FLSA.

69. Defendants violated and continue to violate the FLSA by failing to pay its cell tower laborers, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of forty (40) hours per workweek.

70. As Defendants' employees, Plaintiff and the Putative Class Members were subjected to the same or a substantially similar payment scheme, as described above.

71. On several occasions, Plaintiff and others complained to management that their overtime was not being calculated correctly and pleaded with them to correct it.

72. In response to Plaintiffs' complaints, Defendants told Plaintiff and others that they were paid a day rate and that the company would not pay them overtime at the regular rate of one and one half times their pay.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

73. Plaintiff incorporates by reference paragraphs 1-72 as though fully and completely set forth herein.

74. Defendants' practice of failing to pay Plaintiff and the Putative Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

75. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its

employees are employed are applicable to Defendants or Plaintiff and the Putative Class Members.

76. Defendants failed to keep adequate records of the Plaintiff and Putative Class Members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

77. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a. The time of day and day of week on which the employees' work week begins;

    b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

78. Defendants have not complied with the federal law and have failed to maintain such records with respect to Plaintiff and the Putative Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and the Putative Class Members can meet their

burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

79. Defendants' failure to properly compensate employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' purported day rate payment policy or practice that applies to all similarly-situated employees, nationwide.

80. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiff and the Putative Class Members.

81. Specifically, despite the fact that Plaintiff and other similarly situated employees brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employment, Defendants refused to pay Plaintiff or the Putative Class Members their proper compensation as required by the FLSA.

82. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

83. Accordingly, Plaintiff and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

84. Plaintiff and the Putative Class Members contend that Defendants' conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

85. Due to the willful nature of Defendants' conduct, Plaintiff and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against the Defendants:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Class Members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For a declaratory judgment that Defendants have willfully and in bad faith violated the overtime wage provisions of the FLSA, and have deprived Plaintiff and the Putative Class Members of their rights to such compensation;

d. For an Order requiring Defendants to provide a complete and accurate accounting of all overtime wages to which Plaintiff and all Putative Class Members;

e. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

f. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable

      for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

g. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

h. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

i. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

j. For an Order awarding Plaintiff a service award as permitted by law;

k. For an Order granting such other and further relief as may be necessary and appropriate.

Dated this 16th day of February, 2021.

                                  Respectfully submitted
                                  **MORGAN & MORGAN, P.A**.

                                  */s/ Paul M. Botros*
                                  Paul M. Botros, Esq.
                                  FBN 0063365
                                  8151 Peters Road
                                  Suite 4000
                                  Plantation, FL 33324
                                  Telephone:   (954) 318-0268
                                  Facsimile:    (954) 327-3017
                                  Email: pbotros@forthepeople.com

                                  ***ATTORNEYS FOR PLAINTIFF***