UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | |
|---|---|
| DANIEL BROWDER, Individually and on behalf of all others similarly situated, | CASE NO. 9:21-cv-80337-AMC JURY |
| Plaintiff, | TRIAL DEMANDED |
| vs. | |
| E&S COMMUNICATIONS, LLC, a Florida Limited Liability Company, SAMANTHA R. QUIMBY, an individual, and ELLIJAH D. SCHAEFFER, an individual, | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b) |
| Defendants. _____/ | |

## PLAINTIFF'S SECOND AMENDED MOTION FOR FINAL DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, DANIEL BROWDER, on behalf of all others similarly situated ("Plaintiff"), files this Second Amended Motion for Default Final Judgment against Defendant, E&S COMMUNICATIONS, LLC ("Defendant"), and states:

1. On May 13, 2022, Plaintiff filed his Amended Motion for entry of Default Final Judgment [D.E. 46], which was denied without prejudice by this Court on November 21, 2022 [D.E. 47].

2. As of the filing of the instant Motion, Defendant has not retained counsel, filed any motion or pleading in response to the Amended Complaint, and as a result, Defendant has failed to serve any paper on the undersigned or file any paper required by law in response to the Complaint.

3. Therefore, by this Second Amended Motion, Plaintiff moves for entry of Final Default Judgment against Defendant, E&S Communications, LLC.

4. A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *See Anderson et. al. v. Alasfar et. al.*, 2021 WL 2435392, (S.D. Fla. 2021) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted)

5. Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a). The Eleventh Circuit has specifically clarified the pleading standard applicable to claims for overtime under the FLSA and stated, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor* v. *Labbe,* 319 F. App'x 761, 763 (11th Cir. 2008).

6. The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on

a claim under the FLSA, the Plaintiff must establish that: 1) the plaintiff was employed by Defendant during the time period involved; 2) plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods in commerce; and 3) defendant failed to pay the proper compensation as required by law. See Eleventh Circuit Pattern Jury Instructions – Civil 4.14.

7. In the instant case, Plaintiffs' First Amended Complaint [D.E. 9] contains all of the allegations required to state a claim for compensation under the FLSA. In Paragraphs 1-4, 8, and 51-58 of the Complaint, Plaintiff identified the basis of the Court's jurisdiction - 28 U.S.C. § 1331 and 29 U.S.C. §201, *et. seq* (which includes section 216(b)) and alleges that Plaintiff and those similarly situated were employees of Defendants.

8. In Paragraphs 5 and 13-18 of the Complaint, Plaintiff alleges that he and those similarly situated were employed by an enterprise engaged in commerce, that he and those similarly situated themselves engaged in interstate commerce during their employment with Defendant, and also alleged that Defendants were employers.

9. Lastly, in Paragraphs 19-23, 25, 51-58, 59-69 and 73-79 of the Complaint, Plaintiff alleges that he and those similarly situated were solely paid a day rate, meant to compensate for 8 hours a day, and were not paid for any overtime hours worked during their employment with Defendant. Stated differently, Plaintiff and those similarly situated were solely paid a day rate, regardless of the number of hours worked. Because courts must deem the well-plead allegations of the Complaint as true, Plaintiff and the Opt-in Plaintiffs have established each element of a claim under the FLSA.

10. With respect to the calculation of damages, the FLSA "requires that employers pay

their employees (at least) one and a half times the 'regular rate'[1] for any work in excess of 40 hours per week." *Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1240 (S.D. Fla. 2014) (citing 29 U.S.C. § 207(a)(1)). "The 'regular rate of pay' is the hourly rate actually paid the employee for the normal, non-overtime workweek for which he [or she] is employed and by its very nature must reflect all payments *which the parties had agreed* shall be received regularly during the workweek, exclusive of overtime payments." *Klinedinst v. Swift Invest., Inc.*, 260 F.3d 1251, 1256 (11th Cir. 2001) (emphasis added).

11. "[I]n testing the validity of a wage agreement under the [FLSA] the courts are required to look beyond that which the parties have purported to do." *Nunn's Battery & Elec. Co. v. Goldberg*, 298 F.2d 516, 519 (5th Cir. 1962).[2] Section 207(a) does not merely repeat the minimum wage provisions previously addressed, "[i]t has the separate and particular purpose of discouraging the employment of workers for more than forty hours a week." *Id.* Compliance with § 207 requires employers to establish a regular hourly wage and to pay time and one-half times that wage for each hour an employee works over that forty-hour threshold. *Id.* "The operative mechanism of the statute is the differential between the regular rate of pay and the overtime rate, since that is what compensates the employees for their having to work extra hours and that is what penalizes the employer for calling upon them to do so." *Id.* Therefore, to comply with § 207(a),

---

[1] Although the FLSA defines the "regular rate" to be a "rate per hour" it does not mean that employers must only pay by the hour. *See* 29 C.F.R. § 778.109. Instead, employers are able to pay employees by a piece rate, salary, commission, day rate, or other basis. *Rodriguez*, 2004 WL 5582173, at *6. While an employer has multiple forms of compensation at its disposal, it must still calculate the regular rate for the purpose of computing the correct amount of overtime due and owing. *Id.* "The regular rate is determined by dividing the employee's total compensation during the workweek by the number of hours worked." *Id.* It is a "rate per hour." 29 C.F.R. § 778.109. Moreover, "an employee's regular rate of pay is a question of fact." *Robles v. Acebo Roofing Corp.*, 16-21817-CIV, 2017 WL 2892023, at *6 (S.D. Fla. Mar. 7, 2017) *report and recomm. adopted*, 16-21817-CIV, 2017 WL 2901324 (S.D. Fla. Mar. 31, 2017).

[2] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 and n.2 (11th Cir. 2017).

there must be "an explicit understanding between [the employer and employee] as to the existence of a regular wage rate that is stepped up for overtime hours." *Id.* at 520.

12. Plaintiff Browder alleges in Paragraphs 64 and 75 that he and the putative class members were hired to work a regular week consisting of forty hours per week, and it was their understanding that the wages were meant to compensate them for 40 hours a week. [D.E. 9, Para 64]. He further alleges that the day rate was based on an eight-hour day and approximated the hourly rate that prevailed in the market for the type of work performed. *Id*. Additionally, Plaintiff states that he "was compensated on a day rate basis of $220.00 per day or ($27.50 per hour for 8 hours a day) and was not paid for the hours that he worked beyond eight hours a day." [D.E. 9, Para 75]

13. By limiting the day rate to an eight-hour day, and failing to pay Plaintiff overtime, Defendant violated the day rate regulations at issue invalidating half-time for overtime calculations. *See, e.g., Turner v. BFI Waste Services, LLC*, 268 F. Supp. 3d 831, 838 (D.S.C. 2017) (citing *Dufrene v. Browing-Ferris, Inc.*, 207 F.3d 264, 266 (5th Cir. 2000) (defining day-rate employees as those employees who were guaranteed a day's pay regardless of the number of hours worked that day)); *see also Solis v. Hooglands Nursery, L.L.C.*, 372 Fed. App'x 528, 529 (5th Cir. 2010) (holding that the employer did not have a valid day-rate plan in use because the wages failed to pay overtime compensation); *Adams v. Nature's Expressions Landscaping, Inc.*, No. 5:16-cv-00098-JMH, 2017 WL 4844560, at *7–8 (E.D. Ky. Oct. 25, 2017) (holding that regardless of how the employer classified its pay scheme, it was not a day rate under 29 C.F.R.§ 778.112 because the employees were not paid "without regard to the number of hours worked" since they did not receive their full payment unless they worked a full day); *Bunday v. Sunccoast Bever. Sales, LLP*, No. 2:08-cv-00769-JLQ, 2009 WL 10670167, at *6–7 (M.D. Fla. Sept. 18,

2009) (recognizing that day rate payment methods can be viable as long as they are not anchored to or correlated with the number of hours worked).

14. For the foregoing reasons, Plaintiff is entitled to overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours worked in excess of forty (40) hours in a given work week. Plaintiff was not compensated at the correct overtime rate for all of the overtime hours worked. Plaintiff worked for the company on average 6 days a week, 12 hours each day or 72 hours per week. Although Plaintiff worked over eight hours per day, Plaintiff was only credited with eight hours in a given day and paid $27.50 for each of those hours. Therefore, on average Plaintiff was only paid $1,320 per week ($220 per day x 6 or $27.50 x 48 hours). Therefore, Plaintiff is still owed half-time for those hours between 40 and 48, and time and half for those hours between 48 and 72.

15. Attached hereto as **Exhibit A** is the Declaration of Plaintiff, Daniel Browder, evidencing the amount of wages he was paid regularly, the amounts of hours he alleges he worked, and the amount of overtime compensation he alleges he is owed. Plaintiffs' Declaration is the best evidence of his hours worked and amounts owed as Defendant has failed to participate in this case. Based on his recollection of the hours that he worked, Plaintiff's damages total $ 61,600.00 in unpaid wages.

16. Attached hereto as **Exhibit B** is the Declaration of Opt-In Plaintiff, Andrew Marshall, evidencing the amount of wages he was paid regularly, the amounts of hours he alleges he worked, and the amount of overtime compensation he alleges he is owed. Plaintiffs' Declaration is the best evidence of his hours worked and amounts owed as Defendant has failed to participate in this case. Based on his recollection of the hours that he worked Plaintiff Marshall's damages total $ 17,064.00 in unpaid wages.

17.     Attached hereto as **Exhibit C** is the Declaration of Opt-In Plaintiff, Zachary McKinney, evidencing the amount of wages he was paid regularly, the amounts of hours he alleges he worked, and the amount of overtime compensation he alleges he is owed. Plaintiffs' Declaration is the best evidence of his hours worked and amounts owed as Defendant has failed to participate in this case. Based on his recollection of the hours that he worked, Plaintiff McKinney's damages total $ 48,400.00 in unpaid wages.

18.     Attached hereto as **Exhibit D** is the Declaration of Opt-In Plaintiff, Jordan Russell, evidencing the amount of wages he was paid regularly, the amounts of hours he alleges he worked, and the amount of overtime compensation he alleges he is owed. Plaintiffs' Declaration is the best evidence of his hours worked and amounts owed as Defendant has failed to participate in this case. Based on his recollection of the hours that he worked, Plaintiff Russell's damages total $ 22,400.00 in unpaid wages.

19.     Plaintiffs are also entitled to liquidated damages in an amount equal to their unpaid overtime wages. 29 U.S.C. §216(b). An employer who violates the overtime provisions of the FLSA "*shall* be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). "**An employer** who seeks to avoid liquidated damages **bears the burden** of proving that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.' " Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir.1987)(citations omitted). "Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith. In other words, liquidated damages are mandatory absent a showing of good faith." *Id.*; *see also*

Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991); *see also* Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008); *see also* <u>Crumpton v. Sunset Club Properties, L.L.C.</u>, 2011 WL 3269434, at *5 (M.D. Fla. Aug. 1, 2011) (awarding mandatory liquidated damages because FLSA defendants failed to meet their burden of proof).

20. In this case, Defendant, by virtue of having failed to respond to Plaintiffs' Complaint, fails to meet its burden to oppose the imposition of liquidated damages. *See Anderson,* 2021 WL 2435392 at *2, (S.D. Fla. 2021) ("[b]ecause Defendants have failed to appear or show that liquidated damages are not warranted, the Court finds that Plaintiffs are also entitled to liquidated damages). Thus, the Court should also award an equal amount of damages sought above as liquidated damages.

21. Plaintiff and Opt-In Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid wages. 29 U.S.C. §216(b). Accordingly,

    a. Plaintiff Daniel Browder is entitled to <u>$61,600.00</u> in liquidated damages;

    b. Opt-In Plaintiff Andrew Marshall is entitled to <u>$17,064.00</u> in liquidated damages;

    c. Opt-In Plaintiff Zachary McKinney is entitled to <u>$48,400.00</u> in liquidated damages; and

    d. Opt-In Plaintiff Jordan Russell is entitled to <u>$22,400.00</u> in liquidated damages.

22. An additional element of Plaintiff's claim is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. *See also* P&K Rest. Enter., LLC v. Jackson, 758 F. App'x 844, 847 (11th Cir. 2019) ("Prevailing FLSA plaintiffs are 'automatically entitled to attorneys' fees and costs.' " (quoting Dale v. Comcast Corp., 498 F.3d 1216, 1223 n.12 (11th Cir. 2007))). The Amended Complaint in this case shows that this was a

proceeding to enforce the provisions of the FLSA.

23. As such, based upon the fees ($6,250.00) and costs ($1,460.12) incurred, Plaintiff's counsel seeks $7,710.12 in combined fees/costs. *See* Affidavit Paul Botros attached hereto as **Exhibit E**.

Thus, Plaintiff asks that the Court enter a Default Judgment in favor of Plaintiff and Opt-in Plaintiffs and against Defendant, E&S Communications, LLC, for **$ 149,464.00.** in unpaid wages, **$149,464.00** in liquidated damages and **$7,710.12** in attorneys' fees and costs. A proposed order has been attached hereto as **Exhibit F**.

WHEREFORE, Plaintiff, DANIEL BROWDER and the Opt-in Plaintiffs request that the Court enter a Default Judgment in their favor and against Defendant, E&S COMMUNICATIONS, LLC.

DATED: December 28, 2022.

    Respectfully submitted,
    **MORGAN & MORGAN, P.A.**

    s/*Paul M. Botros*
    Paul M. Botros, Esquire
    FL Bar No.: 063365
    8151 Peters Road, Suite 4000
    Plantation, FL 33324
    Tel: 954-318-0268
    Fax: 954-327-3017
    E-mail: pbotros@forthepeople.com
    *Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that on this 28th day of December 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy to the registered agent c/o Ellijah D. Schaeffer, at 13303 61st Street N, West Palm Beach, FL 33412 and at 2340 W Orange Road, Deland, Florida 32724.

/s/ *PAUL M. BOTROS*
Paul M. Botros, Esquire