UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80337-CIV-CANNON/Reinhart

**DANIEL BROWDER, et al.**,

    Plaintiffs,

v.

**E&S COMMUNICATIONS, LLC**,

    Defendant.

_____/

## ORDER GRANTING IN PART SECOND AMENDED MOTION FOR FINAL DEFAULT JUDGMENT [ECF No. 52]

**THIS CAUSE** comes before the Court upon Plaintiffs' Second Amended Motion for Entry of Default Judgment against Defendant E&S Communications, LLC ("Motion") [ECF No. 52]. The Motion seeks Final Default Judgment against Defendant E&S Communications, LLC ("E&S"). For the reasons stated below, Plaintiffs' Motion [ECF No. 52] is **GRANTED IN PART**. Plaintiffs are entitled to their damages, costs, and reasonable attorneys' fees in the total amount of $306,226.25, which is $411.87 lower than the total amount sought.

### RELEVANT BACKGROUND

Plaintiffs filed the Amended Complaint [ECF No. 9] on April 8, 2021, alleging that E&S violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by failing to pay overtime to certain of its employees [ECF No. 9 ¶¶ 81–93]. Plaintiffs allege that despite the significant number of overtime hours worked each week by Plaintiff and opt-in Plaintiffs, E&S compensated Plaintiffs at their daily rate only for eight hours of work each day—without properly compensating them for any hours over 40 hours worked in a given workweek [ECF No. 9 ¶¶ 59–67]. Andrew Marshall, Zachary McKinney, and Jordan Russell are the opt-in Plaintiffs [ECF No. 6].

As the record indicates, Plaintiffs' process server was unable to locate E&S or its registered

agent at any of the addresses listed with the Secretary of State of Corporations. Plaintiffs therefore moved successfully to permit service by the U.S. Marshal Service, leading to service on E&S on August 2, 2021 [ECF Nos. 24, 27]. Plaintiffs then timely complied with the substitute service requirements of Fla. Stat. § 48.161 [ECF Nos. 28, 29, 32].

Following service, E&S was required to answer or respond to the Amended Complaint by January 26, 2022, *see* Fed. R. Civ. P. 12, but failed to do so. The Clerk of the Court entered default against E&S on March 4, 2022 [ECF No. 40], after which the Court directed Plaintiffs to move for final default judgment [ECF No. 41 p.1].[1]

Plaintiffs filed their initial Motion for Default Final Judgment on March 21, 2022 [ECF No. 42], which the Court denied without prejudice for failure to provide "sufficient particularized proof to support their claim for overtime damages" [ECF No. 43]. Plaintiffs then filed an Amended Motion for Default Final Judgment on May 13, 2022 [ECF No. 46]—which the Court also denied without prejudice for lack of sufficient evidentiary support [ECF No. 47 pp. 2–3 (noting "discrepancies between the amounts sought and the record provided")].[2] Finally, on December 28, 2022, Plaintiffs filed the instant Motion, its Second Amended Motion for Default Final Judgment [ECF No. 52].

## DISCUSSION

Although the propriety of the default is not in question, it remains Plaintiffs' burden both to establish entitlement to relief and the amount of such relief. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315,

---

[1] The Court previously dismissed Defendants Samantha R. Quimby and Elijah D. Schaeffer without prejudice [ECF No. 35].

[2] The Court noted that Plaintiff Browder's pay stub undermined his blanket submission that he was not paid at all for any overtime [ECF No. 47 p. 3; ECF No. 46-2].

1316 (M.D. Fla. 2005) ("[T]he plaintiff "is entitled to a default judgment only if the complaint states a claim for relief.").

The Court has reviewed the Amended Complaint [ECF No. 9], statement of claim [ECF No. 10], and exhibits attached to Plaintiffs' Motion and finds that it adequately states a claim on which relief can be granted [ECF Nos. 52-1, 52-2, 52-3, 52-4]. *See Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Specifically, by defaulting, E&S has admitted the well-pled allegations in the Complaint: that Plaintiffs were employed by E&S, a covered employer under the FLSA, and that E&S failed to pay them proper overtime wages for all hours worked over forty hours each week [ECF No. 9 ¶¶ 13–23, 26–35, 51–80]; *Labbe*, 319 F. App'x at 763; *Abreu v. Free Flow Constr., Inc.*, 2018 WL 6492902, at *3 (S.D. Fla. Oct. 11, 2018), *report and recommendation adopted*, 2018 WL 6492904 (S.D. Fla. Oct. 30, 2018). Moreover, "willful violations of the FLSA are subject to a three-year statute of limitations," *Labbe*, 319 F. App'x at 764, and the instant allegations fall within that time period [ECF No. 9 ¶¶ 91–93].

"[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). In this case, Defendant has not answered the Amended Complaint or otherwise appeared. Therefore, Plaintiffs' "affidavit[s] [are] sufficient evidence to show the amount and extent of the work [Plaintiffs] performed." *Gomes v. Nationwide Janitorial & Flooring Servs. Inc.*, 2007 WL 737584, at *2 (M.D. Fla. Mar. 7, 2007); *Abreu*, 2018 WL 6492902, at *3. Plaintiffs have submitted affidavits detailing the hours they worked and the amount of any overtime they are due [ECF Nos. 52-1, 52-2, 52-3, 52-4]. In

addition, Plaintiffs' counsel submitted documents establishing the costs and reasonable attorney's fees incurred in this matter [ECF Nos. 52-5, 52-6].

Despite the Court's determination that Defendant is liable for failure to pay overtime wages, the Court has an independent obligation to evaluate the damages sought "to assure that there is a legitimate basis for [the] damage award it enters." *Anheuser Busch, Inc.*, 317 F.3d at 1266. Upon review of the Motion and accompanying affidavits, the Court finds that Plaintiffs have provided a sufficient evidentiary basis upon which a just and reasonable inference can be drawn that Plaintiffs are entitled to their damages, costs, and reasonable attorneys' fees, in the total amount of $306,226.25, which is $411.87 less than the total amount sought [ECF No. 52 p. 9].[3]

Plaintiffs seek the apportionment of their damages according to each Plaintiff's unpaid wages and liquidated damages [ECF No. 52 p. 7]. Plaintiffs' affidavits establish that the

---

[3] Plaintiffs' counsel seeks $7,710.12 in fees/costs [ECF No. 52 p. 9; ECF No. 52-5 ECF No. 52-6]. The Court deems reasonable and therefore grants counsel's request for fees for the 12.5 hours worked at a rate of $500.00, totaling $6,250.00 [ECF No. 52-5]. The Court declines, however, to grant the complete $1,460.12 requested in costs. Counsel seeks costs for copying and postage fees [ECF No. 52-6], which are not delineated in the taxation of costs statute, 28 U.S.C § 1920. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (stating that "costs such as general copying" and "postage" are not clearly recoverable under Section 1920). Additionally, counsel seeks to recover for private process service fees, which are capped at the "statutory fees authorized in Section 1921." *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (stating that private process server fees are recoverable so long as the fees "do not exceed the statutory fees authorized in § 1921" for U.S. Marshals); *see* 28 C.F.R.§ 0.114(a) (setting a $65.00 per hour cap "for each item served by one U.S. Marshals Service employee"). Three of the service fees listed on Plaintiffs' exhibit exceed $65.00 [ECF No. 52-6 p. 2], and thus shall be capped at $65.00 each. 28 C.F.R. § 0.114(a). Additionally, the Court declines to award costs for investigate efforts to serve Defendants because such costs are not explicitly recoverable under Section 1920. *See Lewis v. City of Bradenton Beach*, No. 11-CV-18-T-30AEP, 2013 WL 173394, at *1 (M.D. Fla. Jan. 16, 2013) (declining to award costs for investigative services); *cf. Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (stating that federal courts are limited to the provisions in Section 1920 in awarding cost). Therefore, the amount of costs recoverable by Plaintiffs' counsel are reduced from $1,460.12 to $ 1,048.25. Combined, the amount of costs and fees awarded to Plaintiffs' counsel is $7,298.25 ($6,250.00 + $ 1,048.25).

CASE NO. 21-80337-CIV-CANNON/Reinhart

damages should be apportioned as follows:

1. $61,600.00 to Plaintiff Daniel Browder in unpaid wages, and an equal amount in liquidated damages for a total of $123,200.00;

2. $17,064.00 to Plaintiff Andrew Marshall in unpaid wages, and an equal amount in liquidated damages for a total of $34,128.00;

3. $48,400.00 to Plaintiff Zachary McKinney in unpaid wages, and an equal amount in liquidated damages for a total of $96,800.00; and

4. $22,400.00 to Plaintiff Jordan Russell in unpaid wages, and an equal amount in liquidated damages for a total of $44,800.00.

[ECF No. 52 pp. 6–8]. In addition, Morgan & Morgan, P.A., is entitled to payment of reasonable costs and attorneys' fees of $7,298.25 [ECF No. 52 p. 9]; *see supra* note 3. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Second Amended Motion for Default Final Judgment [ECF No. 52] is **GRANTED IN PART**.

2. In accordance with Rule 58 of the Federal Rule of Civil Procedure, final judgment will be entered separately.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 12th day of January 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record